UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

CRIM. CASE NO. 16-20114

v.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

DEANGELO SHAW,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO SUPPRESS EVIDENCE (Dkt # 36)**

On November 11, 2016, Defendant filed a Motion to Suppress Evidence obtained as a result of the search of the houses located at 20520 and 20530 Hickory, Detroit, Michigan. Based on a search warrant issued on December 3, 206, and executed on December 7, 2015, Defendant contends that the search "was conducted in violation of Mr. Shaw's Fourth Amendment rights in that the search warrant was stale." Defendants Motion to Suppress, Dkt. #36, p.2.

Defendant contends that because the affidavits allege surveillance of hand-to-hand narcotics transactions on November 20 and 23, 2015, but the search warrant was not obtained until December 3, 2016, and was not executed until December 7, 2015, the warrant affidavit was based on stale narcotics transaction information, thereby violating

1

the Fourth Amendment.

Defendant posits Sixth Amendment precedent that stale information cannot be used to establish probable cause for a drug-crime search warrant. *United States v. Frechette*, 583 F.3d. 374, 377 (6th Cir. 2009). Defendant further relies upon *United States v. Brooks*, 594 F.3d 488, 493 (6th Cir. 2010) to support his argument that drug crimes information becomes "stale very quickly because drugs are usually sold and consumed in a prompt fashion."

The Government response (Dkt. #37) points out that the Sixth Circuit uses a four factor test to determine whether a search warrant affidavit is stale:

> (1) whether the crime is transitory or continuing; (2) whether the criminal [defendant] is nomadic or stationary; (3) whether the thing to be seized is perishable or durable; and (4) whether the place to be searched is a forum of convenience or a secure operational base. *United States v. Abboud*, 438 F.3d 554, 572-73 (6th Cir. 2006).

Government Response, Dkt. #37, p.5.

The Court finds that this criminal activity was ongoing at these addresses on Hickory Street for more than a year. Recent Government surveillance from November 20 to November 23, 2015, confirmed drug dealing activity, including hand-to-hand deals.

The Court finds that this ongoing drug conspiracy activity occurred at 20520 and 20530 Hickory and in close proximity thereto. Defendant Shaw lived at 20620 Hickory. It is proper to infer that drug traffickers use their homes to store drugs for their close-by dealing. This was not one-and-done drug activity; there was a "mother ship" storing the

drugs at the two Hickory addresses, where the drug dealing activity played out.

Further, the subject matter of the drug dealing conspiracy discussed in the search warrant/affidavit, did not involve just sales, but also storage of drugs at these addresses as well as drug paraphernalia, documents, firearms, ammunition, and gang-related material – durable objects that supported the likelihood of continuing sales. The locations provided a "foundation" and "anchor" for the defendant's drug dealing activity going on at the two houses and the nearby streets. One of the two objects of the search warrant was Defendant Shaw's house – his operational base – a sign of permanence for his drug dealing activity.

Finally, the 10 day gap between the last surveillance of drug activity listed in the affidavit – and the search warrant execution – does not establish staleness under the law. *See*, *United States v. Yates*, 501 Fed. Appx. 505, 511 (6th Cir. 2012); *United States v. Sinclair*, 631 Fed. Appx. 344, 348 (6th Cir. 2015) (quoting *United States v. Brown*, 801 F.3d 679, 690 (6th Cir. 2015). In *Brown*, the Court pointed out:

> Staleness is measured by the circumstances of the case, not by the passage of time alone. *Sgro v. United States*, 53 S.Ct. 138 (1932).

*Id*. In the instant case, as in *Brown*, the criminal activity set forth in the affidavit was not a chance encounter in the night, but a "regenerating conspiracy," that was "entrenched," not "nomadic," the things to be seized that supported the continuing drug activity were more of "enduring utility" to Defendant Shaw, and the place to be searched was an "operational base." *Id*. (Citation omitted).

Accordingly, the Court concludes that the search warrant affidavit established probable cause to search the two homes.

Finally, even if the Court were to ultimately conclude that the search warrant issued by a magistrate judge was unsupported by probable cause, the Court finds that the officers acted in reasonable reliance on the facts contained in that search warrant affidavit. *United States v. Leon*, 468 U.S. 980 (1984). In the instant case, certainly the magistrate judge did not abandon a neutral and detached role, and the officers were not dishonest or reckless in proferring their affidavit. This was certainly not a case involving a bare-bones affidavit.

Accordingly, the Court denies Defendant's Motion to Suppress.

SO ORDERED.

DATED:   JAN 1 1 2016

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE